# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SALVADOR ROMERO RADILLA,

                           Petitioner,

    v.

WARDEN, OTAY MESA DETENTION CENTER, *et al.*,

                         Respondents.

Case No. 26-cv-02263-BAS-DDL

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7)**

Petitioner Salvador Romero Radilla filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, requesting a bond hearing.  (ECF No. 7.)  The Government, taking into consideration the Court's prior orders, concedes that "this court should order that Petitioner receive a bond hearing, where the Government would bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight."  (ECF No. 9.)  Petitioner filed a Traverse.  (ECF No. 10.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 14 days.

- 1 -

26cv2263

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

### A.   Bond Hearing Under 8 U.S.C. § 1226

Petitioner, a Guatemalan citizen, entered the United States without inspection twenty years ago—on May 1, 2006.  (Am. Petition, ECF No. 7.)  Immigration and Customs Enforcement ("ICE") arrested him on February 6, 2025, in the interior of the United States. (*Id.*)  Since his arrest, the Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.*)

The Central District of California certified a class of which Petitioner was initially a member.  *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  The case essentially overruled *Yajure Hurtado.*  Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-

26cv2263

cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Thus, this Court agrees Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226.

### B.    Prolonged Detention

In addition, Petitioner argues that he has been subject to arbitrary and prolonged detention in violation of the Constitution.  (ECF No. 7.)  The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights.  *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").  The Government agrees that around 14 months is an arbitrarily and unreasonably prolonged period of time for Petitioner to be detained without a bond hearing.  (ECF No. 9.) Hence, the Court **GRANTS** the Petition on this ground as well.

## III.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Salvador Romero Radilla within 14 days of the date of this Order.  The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). Because Petitioner's detention has been unreasonably and arbitrarily prolonged, at the bond hearing, the Government bears the burden of proving by clear and convincing evidence that Petitioner poses either a danger to the community or a risk of flight.  If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: May 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2263